COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name: George D. LaBlanche v. National Collegiate Student Loan Trust 2006-3

Appellate case number: 01-19-00297-CV

Trial court case number: 1104987

Trial court: County Civil Court at Law No. 4 of Harris County

On July 5, 2019, appellant, George D. LaBlanche, filed a 2-page pro se brief listing four affirmative defenses, including that appellee failed to comply with this Court's Order to have the reporter's record filed. On July 19, 2019, appellant filed a motion for extension of time to file his brief contending that he had filed his brief with the district clerk on July 5, 2019, which the Clerk of this Court deemed filed on July 5, 2019. Thus, appellant's extension request is **dismissed as moot**.

However, although there was a clerk's record filed on April 23, 2019, the court reporter's June 5, 2019 information sheet stated that there was no reporter's record taken. The Clerk of this Court filed this 2-page document as a brief both in this case and in the related appeal filed by appellant, under appellate cause number 01-19-00291-CV, even though it does not comply with the Texas Rules of Appellate Procedure for briefs.

Accordingly, the Court sua sponte **STRIKES** this brief because it does not comply with Texas Rules of Appellate Procedure 9.4, 9.5, and 38.1. *See* TEX. R. APP. P. 9.4(i)(2)(B), 9.5(e), 38.1(a)-(k), 38.9(a). The Court **ORDERS** appellant to refile the brief to conform with Rule 9.4 with a cover page, page numbers at the bottom of each page, 15,000 words or less if computer-generated, or 50 pages or less if not, with a correct certificate of compliance with this word/page limit, and a certificate of service on counsel for the appellee. *See* TEX. R. APP. P. 9.4(i)(2)(B), (3), 9.5(e).

Specifically, the amended brief also should comply with Rule 38.1 by containing the following sections, in the following order or otherwise:

(1)    a list of all the parties to the trial court's judgment and addresses of all trial and appellate counsel;

(2)    a table of contents;

(3)    an index of authorities;

(4)    a brief statement of the case with references to the appellate record;

(5)    a statement regarding oral argument, with any request on the front cover of the brief;

(6)    a list of the issues presented for appeal;

(7)    a statement of facts supported by record references;

(8)    a summary of the argument;

(9)    a clear and concise argument for the contentions made with appropriate citations to legal authorities and the clerk's record;

(10)  a short conclusion clearly stating the nature of the relief sought; and

(11)  an appendix, if necessary.

TEX. R. APP. P. 38.1(a)-(k).

The amended brief must conform with Rule 38.1 by including the sections above and containing all necessary references to the clerk's record filed with this Court or legal authorities. *See* TEX. R. APP. P. 38.1(a)-(k), 38.7, 38.9(a). If appellant has not yet received the clerk's record, appellant is directed to contact the Clerk of this Court immediately. If necessary, appellant may file an appendix, either separately or after the end of the amended brief, with any relevant documents, and the appendix and section headings above are not included in the word count for the certificate of compliance. *See* TEX. R. APP. P. 9.4(i)(1), (3), 38.1(k).

Finally, appellant's amended brief is due to be filed with this Court **no later than 30 days of the date of this Order**. *See* TEX. R. APP. P. 38.6(a), (d), 38.7. Appellees' brief, if any, will be due no later than 30 days after the filing of appellant's amended and compliant brief. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: __/s/ Laura C. Higley_____

                  ☑ Acting individually    ☐ Acting for the Court

Date: __July 30, 2019____

2